IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRUSTEES OF THE INDIANA STATE
COUNCIL OF ROOFERS HEALTH AND
WELFARE FUND
P.O. BOX 5769
LAFAYETTE, IN 47903,

    Plaintiffs,

-vs-

GAINES MECHANICAL
CONTRACTORS, INC.
528 HALL AVE.
DAYTON, OH 45404

    Defendant.

SERVE ON:

Bruce Gaines
528 Hall Ave.
Dayton, OH 45404

CASE NO. 1:17-cv-786

JUDGE _____

## COMPLAINT

    Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund, for their Complaint against Gaines Mechanical Contractors, Inc., allege as follows:

### JURISDICTION AND VENUE

    1.    This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction

to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the actions giving rise to this action occurred within this district and because Defendant does business in this district.

## THE PARTIES

3.      Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund. The Fund's principal place of business is located at P.O. Box 5769, Lafayette, Indiana 47903.

4.      Defendant Gaines Mechanical Contractors, Inc., is an Ohio corporation, with its principal place of business located at 528 Hall Avenue, Dayton, Ohio 45404. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## STATEMENT OF CLAIM

### COUNT I
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

5.      Plaintiffs reallege each averment set forth above as if fully rewritten herein.

6.      At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the relevant excerpts of the CBA is attached as **Exhibit A**.

2

7. The Fund is administered through a Trust Agreement. A true and accurate copy of relevant excerpts of the Fund's Trust Agreement is attached as **Exhibit B**.

8. The CBA incorporates the terms of all Trust Agreements for Trust Funds to which employers bound by the CBA contribute, as well as all related documents. By virtue of the Local 24 joining the Fund in January 2017, this includes the Fund's Trust Agreement and related documents.

9. Pursuant to the terms of the CBA and the Trust Agreement, signatory employers are required to make monthly contributions to the Fund on behalf of each of their employees in an amount and under the terms set forth in the agreements.

10. The Trust Agreement grants authority to Plaintiffs to create a Collections Policy. A true and accurate copy of the Fund's Collections Policy is attached hereto and incorporated herein as **Exhibit C**.

11. The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and bear interest at the rate of 2% per month from the due date.

12. In violation of the CBA, Trust Agreement, and Collection Policy, Defendant failed to make the required contributions and/or work reports for work performed in May, June, July, and September 2017.

13. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, the amounts owed for contributions are immediately due, plus interest.

14. Defendant's failure to forward contributions, interest, and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

17. The CBA incorporates the Fund's Trust Agreement, as well as all documents related to the Agreement. The Trust Agreement grants authority to Plaintiffs to create a Collection Policy.

18. The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and bear interest at the rate of 2% per month from the due date.

19. In violation of the CBA, Trust Agreement, and Collection Policy, Defendant failed to make the required contributions and/or work reports for work performed in May, June, July, and September 2017.

20. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, the amounts owed for contributions are immediately due, plus interest.

21. Defendant's failure to forward contributions, interest, and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Audit Enforcement)

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. Pursuant to the terms of the Fund's Trust Agreement, Defendant may be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits.

24. Defendant has failed to properly report hours worked.

25. The only remedy through which Plaintiffs may ensure that they have been paid all amounts owed is for Defendant to submit to a payroll audit.

26. Plaintiffs have no adequate remedy at law for Defendant's refusal to comply with the CBA and Trust Agreement. Unless Defendant is required to submit to an audit as required by the Trust Agreement, Plaintiffs and the participants of the Fund administered by Plaintiffs will suffer irreparable harm.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid damages for May, June, July, and September 2017;

B. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions from October 2017 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 2% per month for late and/or unpaid contributions from their respective due dates of such contributions;

D.	Judgment against the Defendant requiring Defendant to submit to a complete payroll audit to determine the amounts due and owing to Plaintiffs;

E.	Judgment on behalf of Plaintiffs and against Defendant for all contributions owed, subject to amounts determined via payroll audit;

F.	Judgment on behalf of Plaintiffs and against Defendant requiring payment of interest on amounts found to be delinquent via payroll audit;

G.	An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H.	An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I.	Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).


Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*