# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, : : : | Case No. 1:17-cv-786 |
| Plaintiffs, : | Judge Timothy S. Black |
| vs. : : | |
| GAINES MECHANICAL, : | |
| Defendant. : | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 10)

This civil case is before the Court on the motion of Plaintiffs for default judgment (Doc. 10).

## I. INTRODUCTION

Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund. (Doc. 1 at ¶ 3).

Defendant Gaines Mechanical ("Gaines") is an Ohio corporation with its principal place of business located at 528 Hall Ave., Dayton, Ohio 45404. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and

affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.S. § 1002(11) and (12). (Doc. 1 at ¶ 4).

At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). (Doc. 1 at ¶ 6). The Fund is administered through a Trust Agreement. (*Id.* at ¶ 7). The CBA incorporates the terms of all Trust Agreements for Trust Funds to which employers bound by the CBA contribute, as well as all related documents. (*Id.* at ¶ 8). By virtue of the Local 24 joining the Fund in January 2017, this includes the Fund's Trust Agreement and related documents. (*Id.*)

Pursuant to the terms of the CBA and the Trust Agreement, signatory employers are required to make monthly contributions to the Fund on behalf of each of their employers in an amount and under the terms set forth in the agreements. (Doc. 1 at ¶ 9).

The Trust Agreement grants authority to Plaintiffs to create a Collections Policy. (Doc. 1 at ¶ 10). The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. (*Id.* at ¶ 11). In the event that contributions are not made by the due date, they are delinquent and bear interest at the rate of 2% per month from the due date. (*Id.*)

In violation of the CBA, Trust Agreement, and Collection Policy, Defendant failed to make the required contributions and/or work reports for work performed in May, June, July, and September 2017. (Doc. 1 at ¶ 12). Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, the amounts owed for contributions are immediately due, plus interest. (*Id.*)

Pursuant to the terms of the Fund's Trust agreement, Defendant may be subjected to payroll audits as may be deemed appropriate. (Doc. 1 at ¶ 23). Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. (*Id.*)

## II. STANDARD

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III. ANALYSIS

Defendant Gaines Mechanical is in default, as evidenced by the Clerk's Entry of Default. (Doc. 9). Accordingly, the factual allegations of the Complaint, except those

related to the amount of damages, are deemed as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Upon review of the record, the undersigned finds default judgment is warranted. Gain Mechanical's failure to respond to the Complaint, or the application for entry of default, or the motion for default judgment has made it clear Gain Mechanical has no intention of defending this action. The record establishes that Gaines Mechanical failed to make the required contributions and/or work reports for work performed in May, June, July, and September 2017 as required by ERISA, the CBA, the Trust Agreement, and the Collection Policy. Accordingly, default judgment as to liability is appropriate.

The Court finds that default judgment is not appropriate as to the issue of damages, however. Plaintiffs request an Order requiring Defendant to submit to a payroll audit to determine the amounts owed for the time period of January 1, 2016, through the date of the audit. (Doc. 10 at 5). Plaintiffs request judgment for the amount of contributions found due and owing from the audit, plus liquidated damages, interest, the costs of the audit, and attorney fees and costs. (*Id.*) The Court finds that the best approach is to Order the audit now, and set the case for a hearing on damages once the audit is complete. To the extent Plaintiffs' motion requests default judgment on the issue of damages, it is **DENIED** at this juncture.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is **GRANTED** on the issue of liability. Accordingly:

1. Defendant Gaines Mechanical is **ORDERED** to submit to a payroll audit to determine the amounts owed for the time period of January 1, 2016, through the date of the audit;

2. The parties shall notify the Court when the audit is complete, and provide status updates every 60 days (via email to black_chambers@ohsd.uscourts.gov) until that time;

3. The Court will set a hearing on the issue of damages when the audit required by this Order has concluded.

**IT IS SO ORDERED.**

Date:   2/13/19                                             *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge