IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>-vs-<br><br>GAINES MECHANICAL CONTRACTORS, INC.,<br><br>Defendant. | CASE NO. 1:17-cv-786-TSB<br><br>JUDGE TIMOTHY S. BLACK |

## **CONSENT JUDGMENT**

**WHEREAS**, on November 20, 2017, Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund filed this lawsuit against Defendant Gaines Mechanical Contractors, Inc., seeking to recover delinquent fringe benefit contributions and other amounts owed by Defendant to Plaintiffs;

**WHEREAS**, on December 28, 2017, Plaintiffs filed their First Amended Complaint, adding as plaintiffs the Trustees of the Sheet Metal Workers Union Local No. 24, Cincinnati Area Retirement Plan, and the Trustees of the Sheet Metal Workers Local 24 Supplemental Unemployment Benefit Trust Fund;

**WHEREAS**, according to the findings of a payroll audit of Defendant, it was determined that Defendant owed Plaintiffs $16,307.36 in unpaid contributions for the period October 1, 2016 to March 31, 2019;

**WHEREAS**, in connection with the unpaid contributions owed by Defendant to Plaintiffs, it was determined that Defendant owed $359.57 in liquidated damages, $5,286.10 in accrued interest, $2,715.56 in audit costs, and $5,459.00 in attorney's fees and costs;

WHEREAS, as of November 8, 2019, Defendant has paid a total of $7,500.00 toward the amounts owed to Plaintiffs;

WHEREAS, the parties have agreed to resolve this action the need for further litigation;

**NOW THEREFORE**, based upon the consent of the parties to this action, **IT IS HEREBY ORDERED** that **JUDGMENT IS ENTERED** against Defendant and in favor of Plaintiffs, subject to the following terms:

1. This Court has jurisdiction pursuant to Sections 502 and 515 of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), which are codified at 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). The First Amended Complaint in this lawsuit states a claim upon which relief may be granted against Defendant.

2. Defendant acknowledges that it owed Plaintiffs a total of $30,217.59, consisting of unpaid contributions for the period October 1, 2016 to March 31, 2019, liquidated damages, interest, audit costs, and attorney fees and costs, as provided under ERISA and the CBA. Plaintiffs acknowledge that Defendant has paid a total of $7,500.00 toward the amount owed, leaving a balance of $22,717.59.

3. Defendant agrees that it will pay the remaining amount owed, as set forth in the previous paragraph, through ten monthly installments. The first 9 monthly installment payments

shall be in the amount of $2,500.00. The tenth and final monthly installment payment shall be in the amount of $127.59.

4. Payments shall be made payable to the Sheet Metal Workers Local No. 24 and shall be mailed to counsel for Plaintiffs. Payments shall be made on or before the first day of the month in which they are due, beginning on December 1, 2019.

5. Defendant agrees to make and continue making monthly payments regardless of whether this Consent Judgment has been entered by the Court.

6. Plaintiffs shall take no action in furtherance of executing upon this Judgment, and Defendant shall not be considered to have failed to satisfy this Judgment or otherwise be in breach of its terms, unless and until Defendant fails to make any one or more of the monthly payments as specified above. Plaintiffs further agree to give Defendant notice and an opportunity to cure a failure to make a monthly payment before taking action to execute upon the judgment, with such cure period to be no less than seven days.

7. In the event Defendant should fail to make ongoing fringe benefit contributions during the term of this Consent Judgment, the Funds may exercise any legal or equitable remedies to collect the amounts due.

ENTERED:

By: *Timothy S. Black*
Judge

Dated: 2/24/2020

APPROVED AND AGREED:

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
Attorney for Plaintiffs

*Bruce Gaines*
Gaines Mechanical Contractors, Inc.

Bruce Gaines
Printed Name

President
Job Title

2/17/2020
Date